## Cliff's Estate

446

*Louis A. Fine, Alfred E. Swoyer* and *Stanley F. Coar*, for petitioners.

SHULL, P., J., forty-third judicial district, specially presiding, December 8, 1943.—This matter comes before the court upon a petition by Florence E. Wert, Blanche Stevens, Ray Stevens, and Bertha Martin, by their attorneys, Louis A. Fine, Alfred E. Swoyer, and Stanley F. Coar, praying that "Your Honorable Court, in conformance with the provisions of the Act of 1856, P. L. 500, request the assignment of the president judge residing nearest Honesdale, Wayne County, Pa., who shall be disinterested, to hear, preside at, and determine all of the proceedings in connection with the said attempted probate and appeal therefrom in the above-captioned case."

While the facts set forth in this petition would be a sufficient reason why a judge should disqualify himself from presiding in the proceedings without a petition from any interested party and move him to request the Supreme Court to assign, in the usual and legal manner, another judge to hear the appeal from the probate of the will, by no stretch of the imagination could the mere fact that one, who was engaged in the practice of law, had been a scrivener of the will and one of the subscribing witnesses to it be construed to place such person in the position of being a party in interest in an appeal from the probate of such will. Counsel for petitioners cite no case which even in the slightest degree justifies the presentation of the petition before us. This petition prays, as above set forth, that the President Judge of Wayne County request the assignment of the president judge residing nearest Honesdale, as provided by the Act of April 22, 1856, P. L. 500.

The Act of April 22, 1856, P. L. 500, provides:

"That whenever a president judge shall be a party in any suit, prosecution or proceeding in any court over which he presides, such suit, prosecution or proceeding shall be tried and heard before the president judge residing nearest the place of such trial who shall be disinterested."

This act contemplates, and contemplates alone, a situation in which the president judge is a party to the action.

"The word 'party', when used in connection with a suit, means one by or against whom a suit is brought, the party stated in the writ on the record": 31 Words and Phrases 241.

And again:

" 'Parties' are all persons having right to control proceedings, to make defense, to adduce and cross-examine witnesses, and appeal from decision, if appeal lies." Ibid.

Under no allegation in any of the petitions before us is there a single statement which would warrant the conclusion that his Honor Judge Bodie is a party to this action. It is true that paragraph 14 of the petition for citation sur appeal states:

"14. Your petitioners further believe and expect to be able to prove that the said writing was procured by fraud, undue influence, constraint and duress practiced upon the said decedent by William H. Noble, Ella C. Noble *and others on their behalf*, the said William H. Noble and Ella C. Noble being named in the said writing as residuary legatees and devisees." (Italics supplied.)

By no possible construction of this paragraph could it be found that Judge Bodie is a party to that action. If it be the belief of petitioners that the president judge of the courts was a party to the alleged fraud or undue influence, constraint, or duress which is al-

leged as to other persons in this case, it was and is their duty so to allege in their petition, and the mere use of the words "and others on their behalf" would not justify an attempt to bring about indirectly, through the signing of an order, an admission by the president judge that he is named as a party or is a party defendant in this action, even though they do not so allege. As we view it, this petition is impudent and scandalous and verges upon, if it is not in fact actual, contempt of court.

And now, December 8, 1943, for the reasons above set forth the prayer of the petition is denied and it is directed that the petition be expunged from the record.